**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Respondent,**<br><br>**v.**<br><br>**DAVON CUNNINGHAM,**<br><br>**Petitioner.** | **Criminal Action No. 24-246 (JEB)** |

**MEMORANDUM OPINION**

Arguing that his counsel failed to object to an indictment upon which he was never arraigned and to consult with him concerning an appeal after sentencing, Petitioner Davon Cunningham requests that this Court vacate his drug-offense conviction and sentence. As the record plainly shows that he was arraigned and that his counsel did consult with him, the Court will deny Cunningham's Motion.

## I. Background

On May 30, 2024, a grand jury returned a superseding indictment against Cunningham and his co-defendants. See ECF No. 29 (Superseding Indictment). That indictment charged him with one count of conspiracy to distribute and possess with intent to distribute multiple controlled substances, three counts of distribution of fentanyl, and one count of unlawful possession of a firearm by a person convicted of a felony. Id. at ECF pp. 2–3, 6–8. On June 13, this Court held a hearing for the arraignment of multiple defendants on the superseding indictment. See ECF No. 232-1 (Arraignment Tr.) at 3. At the hearing, after confirming each defendant's presence "for an arraignment and status conference," id., the Court directed the

courtroom deputy clerk to "arraign all defendants," and all parties were "given a copy of the superseding indictment." Id. at 6. After the deputy did so, Petitioner's counsel, speaking on his behalf, "waiv[ed] formal reading of the charges" and "ple[d] not guilty." Id. at 9.

Cunningham subsequently signed a plea agreement, agreeing to plead guilty to the first count of the superseding indictment (conspiracy) in exchange for the Government's moving to dismiss the remaining charges. See ECF No. 123 (Plea Agreement) at 1–2. He acknowledged that his plea exposed him to a "mandatory minimum sentence of ten years of imprisonment." Id. at 1. Petitioner also signed a Statement of the Offense that likewise discussed the "minimum term of ten years of imprisonment" imposed by the superseding indictment. See ECF No. 124 (Statement of Offense) at 2. Then, on March 17, 2025, he pled guilty in open court to the first count of the superseding indictment. See ECF No. 232-2 (Plea Tr.) at 9–18. The Court deemed him competent and capable of entering a plea. Id. at 10. Cunningham acknowledged that the Court was required "to sentence [him] to at least ten years in prison," id. at 12–13, and that "there will be no appeal except in a few circumstance" such as being sentenced "above the guideline range" or alleging "ineffective assistance from [his] lawyers." Id. at 16. The Court accepted the plea. Id. at 17.

At the sentencing hearing on June 27, 2025, the Court dismissed the remaining counts in the superseding indictment. See ECF No. 232-3 (Sentencing Tr.) at 5. It sentenced Petitioner to 126 months of incarceration followed by 60 months of supervised release. Id. at 20–22. Cunningham did not appeal. See ECF No. 222 (Mot.) at 4–5. A year later, Petitioner filed the instant Motion requesting that the Court vacate his conviction and sentencing on the ground of ineffective assistance of counsel. See id. at 1–5. He contends, first, that "defense counsel failed to object to the Government proceeding on a superseding indictment upon which [he] was never

arraigned." Id. at 2. He also maintains that counsel "fail[ed] to file [his] requested notice of appeal" and "fail[ed] to consult with [him] concerning the appeal after sentencing." Id. at 4.

## II. Legal Standard

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack[] may move the court which imposed the sentence to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255(a). Because "Section 2255 is not a substitute for a direct appeal," a movant, "in order to gain relief under any claim, is obliged to show a good deal more than would be sufficient on a direct appeal from his sentence." United States v. Pollard, 959 F.2d 1011, 1020 (D.C. Cir. 1992) (citing United States v. Frady, 456 U.S. 152, 165 (1982)).

"The Sixth Amendment right to counsel in 'all criminal prosecutions' is the right to the effective assistance of counsel." United States v. Burroughs, 613 F.3d 233, 238 (D.C. Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 648–85 (1984)). A defendant is denied this right when (1) his attorney represents him deficiently and (2) the deficiency causes him prejudice. Id. "To establish deficiency, [he] must show his 'counsel's representation fell below an objective standard of reasonableness.'" Porter v. McCollum, 558 U.S. 30, 38 (2009) (quoting Strickland, 466 U.S. at 688). Applying "a 'highly deferential' standard of review," United States v. Harris, 491 F.3d 440, 442 (D.C. Cir. 2007) (quoting Strickland, 466 U.S. at 689), the court must determine whether the defendant's attorney "made errors so serious that [she] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In ruling on an ineffectiveness claim, the court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697. Accordingly, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Id.

## III. Analysis

The Court proceeds with Cunningham's Motion, addressing his two ineffective-assistance-of-counsel theories in turn.

### A. Arraignment

Petitioner first asks the Court to vacate his conviction and sentence because counsel failed to object to proceeding on the superseding indictment, upon which he was purportedly never arraigned, and which imposed a ten-year mandatory-minimum penalty absent from the original indictment. See Mot. at 2–3. If counsel had objected, Cunningham contends, "the Court could have required a proper arraignment; Petitioner could have challenged the superseding indictment; plea negotiations could have proceeded under the original indictment; or Petitioner could have pursued a plea agreement that did not include a ten-year mandatory minimum." Id. at 2 (formatting altered).

This contention is without merit. Contrary to his arguments, Cunningham was indeed arraigned on the superseding indictment. See ECF No. 232 (Opp.) at 7–11. He was present at the June 2024 proceeding "for an arraignment and status conference." Arraignment Tr. at ECF p. 3. There, the Court instructed the courtroom deputy clerk to "arraign all defendants," and all

parties were given a copy of the superseding indictment. Id. at ECF p. 6. On behalf of Petitioner, counsel "waive[d] formal reading of the charges" and "ple[d] not guilty." Id. at ECF p. 9. Because the record flatly contradicts his claim, Petitioner cannot show that counsel's performance was deficient under the first prong of Strickland, and the Court has no occasion to consider the prejudice prong. See Strickland, 466 U.S. at 687; see also United States v. Boone, 830 Fed. App'x. 5, 7 (D.C. Cir. 2020) (noting that if petitioner cannot show counsel's performance was deficient under first prong, court has "no occasion to consider the prejudice prong"); cf. United States v. Islam, 932 F.3d 957, 964 (D.C. Cir. 2019) ("The failure to raise a meritless objection is not deficient performance.").

B. Appeal Consultation

Petitioner next moves to vacate his conviction and sentencing on the ground that counsel provided ineffective assistance by "failing to file Petitioner's requested notice of appeal" and "failing to consult with [P]etitioner concerning the appeal after sentencing." Mot. at 4. To be sure, where counsel does not consult about an appeal at all or fails to follow a defendant's express instructions to file one, that attorney's conduct may be deemed ineffective. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (applying Strickland standard to failure-to-appeal cases).

Here, however, Cunningham's bare allegations of ineffective assistance are insufficient to survive the standard imposed by Strickland. This Circuit has instructed that where a defendant has failed to present "any affidavits or other evidentiary support for the naked assertions contained in his motion," summary disposition of an ineffective-assistance-of-counsel claim may be appropriate. United States v. Taylor, 139 F.3d 924, 933 (D.C. Cir. 1998). That is particularly true where sworn testimony contradicts such assertions. See United States v. Lancaster, 2007

WL 779039, at *1–2 (D.D.C. Mar. 7, 2007). Here, Petitioner's counsel, Christina Raskin, avers that following sentencing, she explained to Cunningham that counsel "generally files a notice of appeal on behalf of most clients," but that she did not believe "an appeal was warranted because the Court had imposed the statutory mandatory minimum sentence, and just six months under the guidelines." See ECF No. 232-4 (Declaration of Christina Raskin), ¶ 6. In her telling, Petitioner agreed with counsel and did not "at [any] point indicate, either expressly or implicitly, that he wished counsel to file a notice of appeal on his behalf." Id. Petitioner, by contrast, provides no evidence to support his conclusory allegations, which alone are not sufficient to warrant vacatur. See United States v. Turner, 818 F. Supp. 2d 207, 211 (D.D.C. 2011); see also Padilla v. Kentucky, 559 U.S. 356, 373 (2010) (explaining that "[s]urmounting Strickland's high bar is never an easy task" because "[j]udicial scrutiny of counsel's performance must be highly deferential") (citation omitted).

In any event, Cunningham never explains what issue he would have appealed. If it was the neglect to arraign him on the superseding indictment — the only defect he ever mentions — such appeal would have gone nowhere for the reasons already explained, and so Petitioner has not shown prejudice. Absent any reason to think additional facts would change this conclusion, moreover, Cunningham has not shown that an evidentiary hearing is warranted. See United States v. Wilson, 2019 WL 4990752 (D.D.C. Oct. 7, 2019) (explaining that whether to hold hearing "is a decision committed to the district court's discretion, particularly when . . . the judge who is considering the Section 2255 motion also presided over the proceeding in which the petitioner claims to have been prejudiced") (cleaned up); id. (noting that defendant seeking hearing faces "high burden" and must raise "detailed and specific" factual allegations "whose resolution requires information outside of the record") (quoting Pollard, 959 F.2d at 1031).

## IV. Conclusion

For the foregoing reasons, the Court will deny Petitioner's Motion to Vacate. An Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: November 16, 2026